UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>  v.<br><br>M. B. ATCHLEY., et al.,<br><br>    Defendants. | Case No. 21-01169 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"), where he is currently confined, and the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Class Action**

As a preliminary matter, the Court addresses Plaintiff's attempt to bring this action on behalf of himself as well as several other inmates who appear to be similarly situated. Dkt. No. 1 at 2. The Court will construe this attempt as a request for class certification pursuant to Fed. R. Civ. P. 23.

The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. *See* Fed. R. Civ. P. 23(a). *Pro se* prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ('a litigant appearing in propria persona has no authority to represent anyone other than himself").

Here, Plaintiff is proceeding *pro se*, and therefore cannot adequately represent the intended class. Accordingly, his request for class certification is DENIED. *See*, *e.g.*, *Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that *pro se* prisoner cannot adequately represent class). The other "plaintiffs" listed on the complaint shall be removed from this action. Dkt. No. 1 at 2. If they desire to

pursue any claims on their own, they must do so by each filing separate actions.

C. **Plaintiff's Claims**

Plaintiff claims that since October 1, 2020 to the present, he has been assigned to Housing Unit-A3 and is "physically forced to be trapped and exposed to serious risk of actual impending dangerous harm and injury, due to gross [deficiencies] and repeated failures of prison officials to replace or fix structural integrity damages to prison ceiling, roof, walls and cell living quarters." Dkt. No. 1 at 4. These conditions resulted in water flooding the units and cells, causing mold, fungus, infestation and vermin. *Id.* Plaintiff claims he is not provided with cleaning supplies and equipment. *Id.* at 5. Plaintiff claims these conditions "provide[] inhabitable, inadequate, and unprotected shelter for Eighth Amendment purposes, and "violates prison rules, civilian safety codes, establishing deliberate indifference, denial of equal protection, equal rights and treatment" in violation of the state and federal constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as prison guidelines under California Code of Regulations Title 15 sections 3300, 3301, 3303. *Id.*

Plaintiff names the following as Defendants: Capt. L. M. Pennisi Jr., Warden M. B. Atchley, and the Director of the CDCR. Dkt. No. 1 at 6-7. Plaintiff claims Defendant Pennisi is the Captain for the A-Yard Facility and was acting as the "agent, servant, and employee, under the color of state law pursuant to their authority under the (CDCR)." *Id.* at 6. Plaintiff claims Warden Atchley is liable for the "policy decisions, writ[ing] regulations or giv[ing] orders" and has "failed in his duty to act upon notice(s), report(s), appeal(s), and knowledge, [and] promulgated a policy that does direct or condone the wrongful conducts of defendant(s)" who "with deliberate indifference repeatedly failed and refused [to provide] reasonable care and immediate attention upon plaintiff(s) requests." *Id.* at 6. Plaintiff claims the Director of the CDCR is liable for Warden Atchley's actions at SVSP, as "[a] prison policy maker[s], [who] writes regulations, or gives orders, at least for the purpose of prison management and reaches the level of

3

deliberate indifference, failing to ensure plaintiff['s] rights to due process, equal protection, and to be free from cruel and unusual punishment by defendant(s)." *Id.* at 7. Plaintiff seeks declaratory and injunctive relief, as well as damages. *Id*. at 10.

### 1. **Eighth Amendment**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Plumbing which deprives inmates of basic hygiene and seriously threatens inmates' physical and mental well-being amounts to cruel and unusual punishment. *See Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985); *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1409 (N.D. Cal. 1984).

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

Plaintiff's description of inhumane living conditions implicates the Eighth Amendment. However, Plaintiff has failed to state sufficient facts to show that the named Defendants are individually liable for the violation his Eighth Amendment rights. For example, he merely alleges that Defendant Pennisi was the Captain for the A-Yard Facility. *See supra* at 3. There are no factual allegations establishing that Defendant Pennisi knew of and disregarded an excessive risk to Plaintiff's health or safety. *See Farmer*, 511 U.S. at 837. In order to establish Defendant's liability, Plaintiff must allege specific facts showing that Defendant Pennisi committed an affirmative act, participated in another's affirmative act or omitted to perform an act which he is legally required to do, that caused the deprivation of which Plaintiff complains. *See Leer*, 844 F.2d at 633.

Because Plaintiff has not plead sufficient facts to show that any subordinate is liable, Plaintiff's claim against Warden Atchley is also deficient. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional procedures which authorized unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

Here, Plaintiff's claim that the Warden had notice and knowledge without factual allegations describing how he came to that knowledge is simply conclusory. If Warden Atchley was not directly involved in the deprivation, Plaintiff must allege sufficient facts showing that Warden Atchley was aware of both the unconstitutional conditions as well as the wrongful conduct of specific subordinates, and that he failed to act. *Id.* This requires that Plaintiff first allege sufficient facts regarding the wrongful conduct of subordinates. If there was no such wrongful conduct by a subordinate, then Plaintiff cannot state a claim against Warden Atchley based on supervisory liability absent his direct involvement.

Lastly, Plaintiff's allegations are insufficient to state an Eighth Amendment claim against the Director of the CDCR. As discussed above, an Eighth Amendment claim requires that the prison official possesses a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 834. Plaintiff's allegations do not indicate that the Director had personal knowledge of the inhumane conditions of Plaintiff's confinement and failed to act. Rather, Plaintiff attempts to allege supervisory liability against the Director based on Warden Atchley's allegedly unconstitutional conduct. However, as discussed above, Plaintiff's claim against Warden Atchley is deficient because he makes no allegations describing the wrongful conduct of a subordinate. For the same reason, Plaintiff's claim against the Director is also deficient. Assuming that the Director is in a supervisory position over the Warden, Plaintiff must allege sufficient facts showing that the Director was aware of both the unconstitutional conditions and the wrongful conduct of Warden Atchley and that he failed to act. *See Keates*, 883 F.3d at 1243.

Based on the foregoing, Plaintiff shall be granted leave to file an amended complaint to attempt to correct the deficiencies described above to state an Eighth Amendment claim based on inhumane conditions.

### 2. **Fourth, Fifth, and Fourteenth Amendments**

Plaintiff asserts that his rights under the Fourth, Fifth, and Fourteenth Amendments were also violated. However, the complaint contains insufficient allegations to implicate

all the rights under these Amendments.

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV. In criminal cases, the Fifth Amendment guarantees the right to a grand jury, forbids "double jeopardy," and protects against self-incrimination. U.S. Const. amend. V. The Fifth Amendment also requires due process in any proceeding that denies "life, liberty or property" by the federal government, and just compensation for government taking of private property for public use. *Id.* The Fourteenth Amendment extends the same due process obligations to the state. U.S. Const. amend. XI. In addition, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

Plaintiff's allegations implicate none of the rights under the Fourth and Fifth Amendments. There are no allegations of unreasonable searches or seizures to raise Fourth Amendment issues, nor are any of the Fifth Amendment protections for criminal proceedings or federal due process and takings clauses relevant. Furthermore, there are also no allegations indicating that Plaintiff was denied due process under the Fourteenth Amendment. Accordingly, any such claims under these Amendments are dismissed with leave to amend for Plaintiff to attempt to state sufficient facts to support a claim.

On the other hand, Plaintiff does explicitly allege that the conditions amount to the "denial of equal protection" and "equal rights and treatment" which implicate the equal protection clause of the Fourteenth Amendment. *See supra* at 3. However, there are insufficient allegations to support an equal protection claim. When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent

evidence of invidious discrimination, federal courts should defer to judgment of prison officials); *Timm v. Gunter*, 917 F.2d 1093, 1099 (8th Cir. 1990) (same). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* at 1031 (affirming district court's grant of defendants' motion for summary judgment because inmate failed to raise triable issue of fact that he was treated differently than any other inmate whom the officers did not know was entitled to a vegetarian meal). Here, Plaintiff makes no allegation with respect to what class of prisoners he belongs and how the treatment he received was dissimilar to that received by other inmates. Plaintiff may attempt to allege sufficient facts to state a cognizable equal protection claim in an amended complaint.

### 3. State Law Claims

Plaintiff claims that his rights under the equivalent state constitutional amendments were violated. Dkt. No. 1 at 5. Plaintiff also claims that the conditions violate the "prison guidelines within the meaning of California Code of Regulations Title 15 Section: 3300.; 3301.; 3303." *Id.* These claims are not cognizable under § 1983 because they fail to satisfy the first element, i.e., that a right secured by the Constitution or laws of the United States was violated. *See West v. Atkins*, 487 U.S. at 48. Accordingly, any violation of the state constitution or regulations is purely a state law claim. While the Court may exercise supplemental jurisdiction over related state law claims, *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), Plaintiff fails to state sufficient factual allegations showing that any named Defendant violated the cited amendments or regulations. As discussed above, Plaintiff makes only general allegations regarding the violation of his constitutional rights without providing specific facts in support. With regards to the regulations, section 3300 of the California Code of Regulations involves "Prevention and Disorders," section 3301 involves "Emergency Operations Plan," and section 3303 involves "Safety and Security."

Plaintiff only cites generally to these regulations, without explaining how any named Defendant violated each of the regulations. Accordingly, these state law claims are dismissed with leave to amend. Plaintiff may attempt to state sufficient factual allegations to state claims based on violations of the state constitutional amendments and regulations in an amended complaint against specific defendants.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's request for class certification is **DENIED**. This matter shall proceed with Mr. Saddozai as the sole plaintiff in this action. All other individuals named as plaintiffs, Dkt. No. 1 at 2, shall be terminated from this action.

2. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to attempt to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-01169 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **Failure to respond in accordance with this order in the time provided will result in the dismissal of this action with prejudice for failure to state a claim, without further notice to Plaintiff.**

*///*

*///*

**IT IS SO ORDERED.**

Dated: __**June 28, 2021**_____

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.21\01169Saddozai_dwlta