UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>  Plaintiff,<br><br>  v.<br><br>M. B. ATCHLEY., et al.,<br><br>  Defendants. | Case No. 21-01169 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"), where he is currently confined, and the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. The Court dismissed the complaint with leave to amend for Plaintiff to correct various deficiencies in the pleading. Dkt. No. 4. Plaintiff filed an amended complaint. Dkt. No. 7. For the reasons discussed below, the amended complaint is dismissed with prejudice.

**DISCUSSION**

A.   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

In the original complaint, Plaintiff was challenging conditions of confinement Housing Unit-A3 where he alleges he has been "physically forced to be trapped and exposed to serious risk of actual impending dangerous harm and injury, due to gross [deficiencies] and repeated failures of prison officials to replace or fix structural integrity damages to prison ceiling, roof, walls and cell living quarters." Dkt. No. 1 at 4. These conditions resulted in water flooding the units and cells, causing mold, fungus, infestation and vermin. *Id.* Plaintiff claims he is not provided with cleaning supplies and equipment. *Id.* at 5. Plaintiff claims these conditions "provide[] inhabitable, inadequate, and unprotected shelter for Eighth Amendment purposes, and "violates prison rules, civilian safety codes, establishing deliberate indifference, denial of equal protection, equal rights and treatment" in violation of the state and federal constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as prison guidelines under California Code of Regulations Title 15 sections 3300, 3301, 3303. *Id.*  Plaintiff named the following as Defendants: Capt. L. M. Pennisi Jr., Warden M. B. Atchley, and the Director of the CDCR. Dkt. No. 1at 6-7. Plaintiff claims Defendant Pennisi is the Captain for the A-Yard Facility and was acting as the "agent, servant, and employee, under the color of

state law pursuant to their authority under the (CDCR)." *Id.* at 6.  Plaintiff claims Warden Atchley is liable for the "policy decisions, writ[ing] regulations or giv[ing] orders" and has "failed in his duty to act upon notice(s), report(s), appeal(s), and knowledge, [and] promulgated a policy that does direct or condone the wrongful conducts of defendant(s)" who "with deliberate indifference repeatedly failed and refused [to provide] reasonable care and immediate attention upon plaintiff(s) requests." *Id.* at 6.  Plaintiff claims the Director of the CDCR is liable for Warden Atchley's actions at SVSP, as "[a] prison policy maker[s], [who] writes regulations, or gives orders, at least for the purpose of prison management and reaches the level of deliberate indifference, failing to ensure plaintiff['s] rights to due process, equal protection, and to be free from cruel and unusual punishment by defendant(s)." *Id.* at 7.  Plaintiff sought declaratory and injunctive relief, as well as damages.  *Id*. at 10.

Plaintiff's amended complaint is nearly identical to the original complaint and names the same Defendants.  Dkt. No. 7; *cf.* Dkt. No. 1.  As such, it fails to correct the various deficiencies identified by the Court in its initial review of the original complaint.  The Court stated that although Plaintiff's description of inhumane living conditions implicated the Eighth Amendment, he failed to state sufficient facts to show that the named Defendants are individually liable for the violation his Eighth Amendment rights.  Dkt. No. 4 at 5.  For example, he merely alleged that Defendant Pennisi was the Captain for the A-Yard Facility but provided no factual allegations establishing that Defendant Pennisi knew of and disregarded an excessive risk to Plaintiff's health or safety in violation of the Eighth Amendment.  Dkt. No. 1 at 6; *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The Court advised Plaintiff that to establish liability, Plaintiff must allege specific facts showing that Defendant Pennisi committed an affirmative act, participated in another's affirmative act or omitted to perform an act which he is legally required to do, that caused the deprivation of which Plaintiff complains.  Dkt. No. 4 at 4; citing *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Plaintiff has failed to provide

such factual allegations in the amended complaint against Defendant Pennisi as the allegations therein are identical to the original complaint. Dkt. No. 7 at 6 ; cf. Dkt. No. 1 at 6. Accordingly, the amended complaint fails to state a cognizable claim against Defendant Pennisi.

Regarding Defendant Warden Atchley, Plaintiff again claims that the Warden had notice and knowledge but provides no factual allegations describing how he came to that knowledge. Dkt. No. 7 at 6. Plaintiff also again alleges that Warden Atchley's failure to act upon the notices indicates a "policy that does direct or condone the wrongful conducts of defendant(s), whom acted with deliberate indifference…." *Id.* As the Court previously discussed, where Plaintiff has not plead sufficient facts to show that any subordinate is liable, his claim against Warden Atchley as a supervisor is also deficient. Dkt. No. 4 at 5; *see Henry v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). If Warden Atchley was not directly involved in the deprivation, Plaintiff must allege sufficient facts showing that Warden Atchley was aware of both the unconstitutional conditions as well as the wrongful conduct of specific subordinates. *Id.*; *see Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011). Plaintiff has again failed to do so in the amended complaint, and his allegations regarding Warden Atchley's knowledge are merely conclusory. Accordingly, Plaintiff has failed to state a claim against Defendant Atchley.

Lastly, Plaintiff's allegations are again insufficient to state an Eighth Amendment claim against the Director of the CDCR. As previously discussed, an Eighth Amendment claim requires that the prison official possesses a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 834. Plaintiff's allegations do not indicate that the Director had personal knowledge of the inhumane conditions of Plaintiff's confinement and failed to act; his allegation that "hazardous conditions were alerted to Director… by NOTICE, reports, grievance, appeals" is simply conclusory with respect to the Director's knowledge regarding these alleged violations. Furthermore, Plaintiff's attempt to allege supervisory liability against the Director based on Warden Atchley's allegedly unconstitutional

conduct also fails for the same reason his claim against Warden Atchley is deficient, i.e., because he makes no allegations describing the wrongful conduct of a subordinate. Plaintiff has failed to allege sufficient facts showing that the Director was aware of both the unconstitutional conditions and the wrongful conduct of Warden Atchley and that he failed to act.  *See Keates*, 883 F.3d at 1243.

Plaintiff was already afforded one opportunity to amend, and the Court finds no good cause to grant him another opportunity where the amended complaint is nearly identical to the original.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, this action must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** with prejudice for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated:  __**January 14, 2022**___

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.21\01169Saddozai_dism(ftsac)

5